IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-00390-01/04-CR-W-DW |
| | ) | |
| DAVID L. ROBINSON., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW**

The United States, by Matt J. Whitworth, Acting United States Attorney for the Western District of Missouri, and the undersigned Assistant United States Attorneys, files this Memorandum of Law in the above-captioned matter. This memorandum of law addresses whether chain of custody must be established to admit into evidence an item susceptible of positive identification.

*A.   Underlying Facts*

Government's Exhibit 38-4, a credential wallet containing a metal badge and laminated identification card, has been admitted into evidence based, in part, on the testimony of a witness, Special Agent John Young, who positively identified the item as in the same condition and with the same appearance as when he observed it at the time it was provided to law enforcement by Christine Peterson. Agent Young further testified that the laminated identification card did not appear to have been tampered with in any way.

Based on the cases cited below, it is clear that Agent Young's positive identification testimony provided a proper evidentiary foundation for Government's Exhibit 38-4, and that item was properly admitted into evidence. That is, a chain of custody was not required for admission of that item.

## B. *Legal Authorities*

"Federal Rule of Evidence 901 governs the authentication of evidence as a precondition to admissibility, and subsection (b) provides examples of acceptable methods of authentication or identification." *United States v. Recendiz*, 557 F.3d 511, 527 (7th Cir. 2009). Fed. R. Evid. 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponents claim." Under Rule 901(b)(1), a party may authenticate a matter through the testimony of a witness who has knowledge that the "matter is what it is claimed to be."

When confronted with evidence of questionable origin, the court should admit the evidence if a *prima facie* showing of authenticity is made. *United States v. Jardina*, 747 F.3d 945, 951 (1984) (5th Cir. 1984). The sponsor of the evidence need not present proof beyond a reasonable doubt. *Id.* "Once a *prima facie* showing of authenticity has been made, the evidence goes to the jury, and it is the jury who will ultimately determine the authenticity of the evidence, not the court." *Id.* (quoting *United States v. Goichman*, 547 F.2d 778, 784 (3d Cir. 1976). "The only requirement is that there has been substantial evidence from which they could infer that the document is authentic." *Id.* (quoting *Goichman*, *id.*)

As earlier noted, Fed. R. Evid. 901, which governs the authenticity of evidence, allows for the admission of a particular exhibit if the evidence satisfactorily supports a finding that the "matter in question" – in this case, the credential wallet containing a metal badge and laminated identification card – "is what its proponent claims," in this case, the identification that those items are what Special Agent Young saw on June 6, 2007. And, as previously discussed, an example of authentication that conforms to this rule includes "[t]estimony of a witness with knowledge" that the item sought to be received in evidence "is what it is claimed to be." Fed. R. Evid. 901(b)(1).

While such authentication will often require a chain of custody, a chain of custody becomes irrelevant when the item is positively identified by a witness, so that any issues of adulteration or subsequent changes to the item can be safely ruled out. *United States v. Phillips*, 640 F.2d 87, 941 (7th Cir. 1980); *United States v. Blue*, 440 F.2d 300, 303 (7th Cir. 1971). As emphasized in *Phillips*,

> '[A] chain of custody is not relevant when a witness identifies the
> object as the actual object about which he testified.'

*Id.* (quoting *Blue*, *id.*)

In *Phillips*, the kidnap victim "positively identified the blouse and slack admitted into evidence as the ones she was wearing on the date of the kidnapping." *Id.*, at 94. Although the Government was unable to establish a chain of custody for these two items of clothing, the Court of Appeals held that this failure did not affect the admissibility of the clothing, because "the prosecution was not required to establish a chain of custody." *Id.*

Similarly, in *United States. v. Ricketson*, 498 F.2d 367, 374 (7th Cir. 1974), the Seventh Circuit upheld the admission of several handguns and burglars' tools that the burglars possessed to use in the burglary. These exhibits were positively identified by one Hohimer, one of the burglars, but the prosecution did not present a chain of custody for them. The Court of Appeals, citing *Blue*, explained that "[b]ecause these exhibits were identified by Hohimer as the actual objects about which he testified, the Government was not required to establish their chain of custody." *Ricketson* at 374.

In *Blue*, the defendant, accused of bank robbery, challenged the admission of 22 silver dollars that were part of the proceeds of the robbery. Even though the Government was unable to establish a chain of custody, a government witness testified that they were the same coins he had purchased from an associate of the defendant shortly after the robbery. The Seventh Circuit held that such testimony was sufficient, noting that "chain of custody is not relevant when a witness identifies the object as the actual object about which he has testified." *Blue*, 440 F.2d at 303.

This is particularly true, the court in *Blue* stressed, where "the fact whether or not the coins were in the identical condition was not vital. The testimony concerned only their identity as the same coins." *Id.*

In this case, of course, the only question was whether Government's Exhibit 38-4, a credential wallet containing a metal badge and laminated identification card, was the same wallet that was provided to agents by Christine Peterson on June 6, 2007, and that Special Agent Young saw at that time. Whether or not the wallet was "in the identical condition" as it was when it was seized "was not vital," since the Government merely sought to prove that the wallet was the same item of evidence seized by Agent Young.

4

Also instructive is *State v. Russ*, 537 S.W.2d 216, 218 (Mo.App. St.L.D. 1976), where the Missouri Court of Appeals concluded that chain of custody need not be proved if the items introduced into evidence are positively identified by one or more witnesses. In *Russ*, the defendant argued that the State's chain of custody was defective with respect to a box and some bottles of liquor found outside a burglarized liquor store. The Court of Appeals disagreed, noting that both the owner of the store, and the officer who discovered the items outside the burglarized store, both positively identified the items as property left outside after the burglary. *Russ*, 537 S.W.2d at 218-19.

Although the court ultimately determined that the State had provided the court with a sufficient chain of custody, it emphasized that it had not been incumbent upon the prosecution to do so, in view of the testimony of its witnesses:

> [W]hen an exhibit is 'susceptible to positive identification in a singular sense and has been specifically identified . . . *chain of custody becomes an irrelevant issue. State v. Orr*, 493 S.W.2d 374, 377 (Mo.App. 1973). Or, put negatively, chain of custody is only a relevant issue to a determination of whether certain evidence is admissible where the exhibit is not susceptible to positive identification. *State v. Granberry*, 484 S.W.2d 295, 300-01 (Mo. banc 1972). To some within this principle, a 'positive' identification is not essential. It is sufficient for purpose of admissibility of the identification of tangible property is a qualified one. [Citations omitted.] Identification of an exhibit need not be wholly unqualified in order to make it admissible; the weight to be given to the identification is a matter for the jury. [Citation omitted.]

*Russ*, 537 S.W.2d at 218-19 (emphasis added).

In view of these authorities, it is clear that Agent Young's positive identification of the credential wallet was sufficient to justify its admission under Fed. R. Evid. 901(a), despite the lack of a full chain of custody. This is especially so, given the fact that the Government merely endeavored to show that it was the same credential wallet that was provided to officers by Christine Peterson at the scene of the June 6, 2007 traffic stop. Whether or not the

5

credential wallet was still in the same physical condition, in terms of wear and tear, for example, was immaterial, so long as the general physical appearance and contents of the credential remained unchanged, as Agent Young confirmed.

In passing, the Government would note that, although unnecessary for a determination of admissibility in this case, Agent Young's positive identification of Government's Exhibit 38-4 as the credential wallet he saw on June 6, 2007, was supported by substantial circumstantial evidence. This evidence includes the presence of Ms. Peterson's name customer records seized from defendant Larry Goodyke's computer, along with a notation that a identification card had been created in November 2006, and a digital image of the identification card Ms. Peterson provided to officers on June 6, 2007, that was also seized from defendant Larry Goodyke's computer.

The authenticity of particular items can be established wholly by circumstantial evidence. *United States v. Vidacak*, 553 F.3d 344, 350-51 (4th Cir. 2009); *United States v. Elkins*, 885 F.2d 775, 785 (11th Cir. 1989). "Use of circumstantial evidence alone to authenticate" an item of evidence "does not constitute error," since Fed. R. Evid. 901(a) "requires only some competent evidence in the record to support authentication." *Elkins*, *id.*

In this case, the admission of Government's Exh. 38-4 was supported by Agent Young's positive identification testimony, which was buttressed by the circumstantial evidence of defendant Goodyke's creation of the card that was found on his computer. The evidence, therefore, as admissible, regardless of whether the Government was able to establish a complete chain of custody.

Respectfully submitted,

Matt J. Whitworth
Acting United States Attorney

By   /s/ *M. Alexander Menzel, Jr. By JDS*
M. Alexander Menzel, Jr.
Special Assistant United States Attorney

By   /s/ *Brian P. Casey by JDS*

Brian P. Casey
Assistant United States Attorney

By   /s/ *J. Daniel Stewart*

J. Daniel Stewart
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on August 27, 2009, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing was mailed to:

  /s/ *J. Daniel Stewart*
J. Daniel Stewart
Assistant United States Attorney