IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-00390-01/03-CR-W-DW |
| | ) | |
| DAVID L. ROBINSON et al. | ) | |
| | ) | |
| Defendants. | ) | |

GOVERNMENT'S AMENDED JURY INSTRUCTIONS

The United States of America, by Matt J. Whitworth, Acting United States Attorney

and the undersigned Assistant United States Attorneys submits the following amended jury

instructions, with the following changes to the instructions filed on August 19, 2009 (Doc. 165):

(1) Plaintiff's Instruction No. 16 (Doc. 165, page 25 *et seq.*): The last paragraph

referring to Count Twelve has been changed to show that it was "defendants David L. Robinson and

Larry P. Goodyke" who are charged in this count. The previous instruction mistakenly stated that

it was defendants Robinson and Daniel W. Denham.

(2) Plaintiff's Instruction No. 17 (Doc. 165, page 29 *et seq.*): The Government has

reviewed the overt acts in furtherance of the conspiracy and a) deleted the previously numbered overt

acts numbers 8, 32, 37; b) re-numbered the overt acts; and c) edited several dates throughout the

overt acts; and d) made other editing changes of names and other minor matters.

(3) Plaintiff's Instruction No. 23 (Doc. 165, page 41 *et seq.*): Under element Two,

there was a duplication of the words "diplomatic identification card" at the end of the element so that

the second "diplomatic identification card" has been eliminated; and the word "card" has been

changed to "cards."

(4) Plaintiff's Instruction No. 32 (Doc. 165, page 52): Minor typo graphical errors have been changed in lines two and three. The last sentence of paragraph one has been changed to: "Individual person are not parties to these international treaties and laws." The last sentence of paragraph two (reading "The Department of State has not determined any individual person to be entitled to diplomatic immunity.") has been deleted.

(5) The signature line on the verdict form of the Larry Goodyke verdict form has been changed to create separate lines for the Date and signature of the foreperson.

Respectfully submitted,

Matt J. Whitworth
Acting United States Attorney

Date: <u>August 28, 2009</u>          By          <u>*/s/ J. Daniel Stewart*</u>
                                                            J. Daniel Stewart
                                                            Assistant United States Attorney

Date: <u>August 28, 2009</u>                        <u>*/s/ Brian P. Casey*</u>
                                                            Brian P. Casey
                                                            Assistant United States Attorney

Date: <u>August 28, 2009</u>                        <u>*/s/ M. Alexander Menzel, Jr.*</u>
                                                            M. Alexander Menzel, Jr.
                                                            Special Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, MO 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on August 31, 2009, to the CM-ECF system of the United States District Court for the Western District of Missouri.

/s/ J. Daniel Stewart
J. Daniel Stewart
Assistant United States Attorney

JDS:es

INSTRUCTION NO. ___

The charges in this case are as follows:

Under Count One, the indictment charges that defendants, David L. Robinson, Daniel W. Denham and Larry P. Goodyke, committed the crime of conspiracy to wrongfully use a Government seal, to use, buy, procure, sell, and transfer documents referred to as diplomatic identification cards, with a fraudulently affixed seal of the United States Department of State, defendants knowing of the fraudulent nature of such diplomatic identification cards.

Under Count Two, the indictment charges that on or about July 11, 2006, defendant Larry Goodyke, wrongfully used a Government seal in that he knowingly bought and procured a fraudulent diplomatic identification card in the name of "Larry-Paul: Goodyke" upon which the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendant knowing of the fraudulent character of the diplomatic identification card..

Under Count Three, the indictment charges that on or about July 11, 2006, defendants David L. Robinson and Daniel W. Denham, wrongfully used a Government seal with wrongful and fraudulent intent, in that they knowingly procured, sold and transferred to Larry P. Goodyke  a fraudulent diplomatic identification card in the name of "Larry-Paul: Goodyke" upon which the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Count Four of the indictment charges an offense against Blake W. Bestol, not against any of the three defendants on trial in this case,  except as an overt act in furtherance of the conspiracy charged in Count One.

Under Count Five, the indictment charges that beginning on or about August 13, 2006, and continuing until December 21, 2006, defendants David L. Robinson and

Daniel W. Denham, wrongfully used a Government seal in that they knowingly procured, sold and transferred to Blake W. Bestol a fraudulent diplomatic identification card in the name of "Blake William: Bestol" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Count Six of the indictment charges an offense against Blake W. Bestol and John D. Conrey, not against any of the three defendants in this case, except as an overt act in furtherance of the conspiracy charged in Count One.

Under Count Seven, the indictment charges that beginning on or about August 18, 2006, and continuing until November 14, 2006, defendants David L. Robinson and Daniel W. Denham, wrongfully used a Government seal in that they knowingly procured, sold and transferred to John D. Conrey a fraudulent diplomatic identification card in the name of "John Derioun; Conrey" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Under Count Eight, the indictment charges that beginning on or about December 27, 2006, and continuing until August 18, 2007, defendants David L. Robinson and Larry P. Goodyke, wrongfully used a Government seal in that they knowingly procured, sold and transferred to Larry Cohen a fraudulent diplomatic identification card in the name of "Lawrence Norman; Cohen" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

JDS:es

Count Nine of the indictment charges an offense against John D. Conrey, not against any of the three defendants in this case, except as an overt act in furtherance of the conspiracy charged in Count One.

Under Count Ten, the indictment charges that in or about March 2007, defendants David L. Robinson and Daniel W. Denham, wrongfully used a Government seal in that they knowingly procured, sold and transferred to John D. Conrey a fraudulent diplomatic identification card in the name of "Anne Patrice: Altemus" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Under Count Eleven, the indictment charges that beginning on or about August 18, 2006, and continuing until November 14, 2006, defendants David L. Robinson and Daniel W. Denham, wrongfully used a Government seal in that they knowingly procured, sold and transferred to Detective Rod Gentry, using the undercover name "Marty Riggs," a fraudulent diplomatic identification card in the name of "Marty Davis: Riggs" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Under Count Twelve, the indictment charges that on or about July 15, 2007, and continuing until November 14, 2006, defendants David L. Robinson and Larry P. Goodyke wrongfully used a Government seal in that they  knowingly procured, sold and transferred to Linda Sullins a fraudulent diplomatic identification card in the name of "Linda-Kay: Fowler (Sullins)" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

JDS:es

Count Thirteen of the indictment charges an offense against John D. Conrey, not against any of the three defendants in this case, except as an overt act in furtherance of the conspiracy charged in Count One.

Under Count Fourteen, the indictment charges that in or about August 2007, defendants David L. Robinson and Daniel W. Denham, wrongfully used a Government seal in that they knowingly procured, sold and transferred to John D. Conrey on behalf of his brother a fraudulent diplomatic identification card in the name of "Joseph Allen: Conrey" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Under Count Fifteen, the indictment charges that beginning on or about August 29, 2007, defendants David L. Robinson and Larry P. Goodyke wrongfully used a Government seal in that they knowingly procured, sold and transferred to Ronnie Collins a fraudulent diplomatic identification card in the name of "Ronnie-Michael: Collins" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Under Count Sixteen, the indictment charges that beginning sometime prior to September 19, 2007 and continuing until September 20, 2007, defendants David L. Robinson and Daniel W. Denham wrongfully used a Government seal in that they knowingly procured a fraudulent diplomatic identification card in the name of "Larry-Terry: Smith" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Under Count Seventeen, the indictment charges that beginning on or about October 18, 2007, defendants David L. Robinson and Larry P. Goodyke wrongfully used a Government seal in that they knowingly procured, sold and transferred to Jimmy Stucki a fraudulent diplomatic identification card in the name of "Jimmy-Ceylon: Stucki" upon which the defendants knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendants knowing of the fraudulent character of the diplomatic identification card.

Under Count Eighteen, the indictment charges that on or about September 20, 2007, defendant David L. Robinson wrongfully used a Government seal in that he knowingly used a fraudulent diplomatic identification card in his name, upon which the defendant knew that the seal of the United States Department of State had been fraudulently and wrongfully affixed and impressed, defendant knowing of the fraudulent character of the diplomatic identification card.

Each defendant has pleaded not guilty to each of the crimes with which he is charged.

As I told you at the beginning of trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, each defendant is presumed to be innocent. Thus each defendant, even though charged, begins the trial with no evidence against him. So the presumption of innocence alone is sufficient to find a defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of the crime charged.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and must return a separate verdict for each of those crimes charged.

JDS:es

There is no burden upon a defendant to prove that he is innocent.

Accordingly, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

Plaintiff's Instruction No. <u>  16  </u>
Source:          <u>Eighth Circuit Jury Instructions</u>
                              No. 3.08

JDS:es

INSTRUCTION NO. __

The crime of conspiracy as charged in Count One of the indictment, has four essential elements, which are:

*One*, on or before sometime prior to July 11, 2006, two or more persons reached an agreement or came to an understanding to buy, procure, sell and transfer, and use documents commonly referred to as diplomatic identification cards, with a fraudulently affixed seal of the United States Department of State, defendants knowing of the fraudulent nature of such diplomatic identification cards;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

*Four*, while the agreement or understanding was in effect, a person or persons who had joined in the agreement knowingly did one or more of the following acts:

*DENHAM and ROBINSON Sold and Transferred a Diplomatic Identification Card to Rod Gentry*

1.      On or about January 31, 2007, defendant DANIEL W. DENHAM had a telephone conversation with Detective Rod Gentry, using the undercover name "Marty Riggs," where DENHAM explained the process of obtaining an Apostille and an Act of State in order to obtain a Diplomatic Identification card.

2.      On or about February 9, 2007, defendant DAVID L. ROBINSON, at a group meeting Independence, MO, which defendant DENHAM arranged for Detective Gentry to attend, explained the Apostille and Act of State.

JDS:es

3. On or about March 20, 2007, defendant ROBINSON received a total of $450.00 from Detective Gentry to purchase his diplomatic identification card.

4. On or about March 22, 2007, defendant DENHAM provided Detective Gentry with an Act of State and Apostille.

5. At some date prior to March 22, 2007, defendant ROBINSON obtained an Apostille from the Kansas Secretary of State's Office for the Act of State which Detective Gentry had signed.

6. On or about June 14, 2007, defendant DENHAM delivered to Detective Gentry a diplomatic identification card bearing the seal of the United States Department of State.

*DENHAM and ROBINSON Procured a Diplomatic Identification Card for Larry Terry Smith*

7. Sometime prior to September 20, 2007, defendants DENHAM and ROBINSON procured a diplomatic identification card for a purchaser named Larry Terry Smith

8. On or about September 20, 2007, defendant ROBINSON possessed the diplomatic identification card for Larry Terry Smith during a traffic stop by Kansas City, Missouri Police Department.

*DENHAM and ROBINSON Sold and Transferred a Diplomatic Identification Card to GOODYKE*

9. Between July and October 2006, defendant DENHAM had e-mail conversations with defendant GOODYKE about selling a diplomatic identification card to defendant LARRY PAUL GOODYKE for $450.00.

10. On or about July 18, 2006, defendant GOODYKE mailed defendant DENHAM a money order for $450.00 for his diplomatic identification card.

11. On or about July 26, 2006, defendant DENHAM mailed defendant GOODYKE an Act of State, which GOODYKE signed and promptly returned to DENHAM.

JDS:es

12.     In late July or early August, 2006, defendant DENHAM provided defendant GOODYKE's Act of State to defendant ROBINSON, who obtained an apostille for GOODYKE's Act of State on August 18, 2006.

13.     On or about October 6, 2006, defendant DENHAM mailed to defendant GOODYKE a diplomatic identification card in the name of Larry Paul Goodyke bearing the seal of the United States Department of State and an apostille number that had been obtained by ROBINSON.

*DENHAM and ROBINSON Sold and Transferred a Diplomatic Identification Card to Lawrence Norman Cohen*

14.     Between August and November 2006, defendant DENHAM had e-mail conversations with Lawrence Norman Cohen about selling a diplomatic identification card to Cohen for $450.00.

15.     On or about August 28, 2006, Cohen mailed defendant DENHAM a money order for $450.00 for his diplomatic identification card.

16.     On or after September 8, 2006, defendant DENHAM provided Cohen an Act of State, which Cohen signed and promptly returned to DENHAM.

17.     Between late September and early October 2006, defendant ROBINSON obtained an apostille for Cohen's Act of State.

18.     In late 2006 or early 2007, defendant DENHAM transferred a diplomatic identification card to Cohen.

JDS:es

*GOODYKE and ROBINSON Sold and Transferred a Diplomatic Identification Card to Ronnie Michael Collins*

19.     Until on or about April 8, 2008, defendant GOODYKE maintained on the hard drive of his home computer a spreadsheet which was a customer list of purchasers of diplomatic identification cards and other related items.

20.     On or after August 29, 2007, defendant GOODYKE transferred a diplomatic identification card to Ronnie Collins.

21.     Sometime prior to August 29, 2007, defendant ROBINSON obtained an apostille from the Kansas Secretary of State's Office to use on the diplomatic identification card which defendant GOODYKE transferred to Collins.

*GOODYKE and ROBINSON Sold and Transferred a Diplomatic Identification Card to Linda Kay Sullins*

22.     On or after July 15, 2007, defendant GOODYKE transferred a diplomatic identification card to Linda Sullins.

23.     Sometime prior to July 15, 2007, defendant ROBINSON obtained an apostille from the Kansas Secretary of State's Office to use on the diplomatic identification card which defendant GOODYKE transferred to Sullins.

*GOODYKE and ROBINSON Transferred a Diplomatic Identification Card to Jimmy Cleyon Stucki*

24.     On or about October 18, 2007, defendant GOODYKE transferred a diplomatic identification card to Jimmy Stucki.

25.     Sometime prior to October 18, 2007, defendant ROBINSON obtained an apostille from the Kansas Secretary of State's Office to use on the diplomatic identification card which defendant GOODYKE transferred to Sullins.

JDS:es

<u>*DENHAM and ROBINSON Sold and Transferred a Diplomatic Identification Card to* BESTOL</u>

26.     Between August and December 2006, defendant DENHAM had conversations with Blake W. Bestol about selling a diplomatic identification card to Bestol.

27.     Sometime prior to September 11, 2006, DENHAM mailed  an Act of State, which Bestol signed and promptly returned to DENHAM.

28.     On or about October 30, 2006, Bestol  provided  DENHAM a money order as payment for his diplomatic identification card.

29.     On or about December 21, 2006, defendant DENHAM mailed to Bestol his diplomatic identification card.

30.     Sometime prior to December 21, 2006, defendant ROBINSON obtained an apostille from the Kansas Secretary of State's Office to use on the diplomatic identification card which defendant DENHAM transferred to Bestol.

<u>*DENHAM and ROBINSON Sold and Transferred a Diplomatic Identification Card for JOHN CONREY*</u>

31.     On or about September 11, 2006, defendant DENHAM provided John Conrey with an Act of State.

32.     On or about October 30, 2006, Bestol paid defendant DENHAM for Conrey's diplomatic identification card.

33.     On or before November 14, 2006, defendant DENHAM mailed to Conrey his diplomatic identification card.

34.     Sometime prior to November 14, 2006, defendant ROBINSON obtained an apostille from the Kansas Secretary of State's Office  to use on the diplomatic identification card which defendant DENHAM transferred to Conrey

JDS:es

*DENHAM and ROBINSON Sold and Transferred, a Diplomatic Identification Card for Anne Patrice Altemus*

35.     On or about July 4, 2007, defendant DENHAM mailed to Altemus her diplomatic identification card.

36.   Sometime prior to July 4, 2007, defendant ROBINSON obtained an apostille from the Kansas Secretary of State's Office  to use on the diplomatic identification card which defendant DENHAM transferred to Altemus

*DENHAM and ROBINSON Sold and Transferred, and CONREY Procured, a Diplomatic Identification Card for Joseph Allen Conrey*

37.     In or after March 20, 2007, defendant DENHAM provided Joseph Conrey a diplomatic identification card.

38.   Sometime prior to March 20, 2007, defendant ROBINSON obtained an apostille from the Kansas Secretary of State's Office  to use on the diplomatic identification card which defendant DENHAM transferred to Joseph Conrey through John Conrey.

Plaintiff's Instruction No.   17
Source:        Eighth Circuit Jury Instructions
                        No. 5.06A

JDS:es

INSTRUCTION NO. _____

The crime of unlawful use of a United States Government seal as charged in Counts Two through Eighteen of the indictment (except for Counts Four, Six, Nine and Thirteen) has three essential elements, which are:

*One*, the defendant bought, procured, sold, transferred or used, or caused to be bought, procured, sold or transferred or used, a document generally referred to as a diplomatic identification card or other name ("diplomatic identification card");

*Two*, the defendant knew that the seal of the United States Department of State had been fraudulently or wrongfully affixed to the diplomatic identification cards; and

*Three,* at the time the defendant bought, procured, sold, transferred or used the diplomatic Identification card, he did so with wrongful or fraudulent intent.

You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly. The term "knowingly" does not require proof that defendant knew he was violating the law.

To act "with wrongful or fraudulent intent" means to act knowingly and with the intent to deceive someone for the purpose of attempting to bring about some improper benefit to himself.

A person may also be found guilty of wrongful use of a Government seal even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the offense of wrongful use of a Government seal.

JDS:es

In order to have aided and abetted the commission of a crime a person must , before or at the time the crime was committed,:

> (1) have known that the offense of wrongful use of a Government seal was being committed or going to be committed; and

> (2) have knowingly acted in some way for the purpose of causing, encouraging, aiding the commission of this offense; and

> (3) have known of the fraudulent character of the diplomatic identification card.

For you to find the defendant guilty of wrongful use of a Government seal by reason of aiding and abetting, the Government must prove beyond a reasonable doubt that all of the essential elements of the offense were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

If all of these essential elements have been proved beyond a reasonable doubt as to the defendant; then you must find the defendant guilty of the crime charged in the specific counts identified above; otherwise you must find the defendant not guilty of this crime under the specific count charged.

Plaintiff's Instruction No. __23__
Source:      <u>Eighth Circuit Jury Instructions</u>
                    No. 3.09 as modified (2007) and 5.01

JDS:es

No. 7.03, Committee Comments (regarding the term "knowingly"); and

No. 6.18.1341 (modified) (regarding the term "with wrongful or fraudulent intent")

*See United States v. Dockter,* 58 F.3d 1284 (8th Cir.1995) and *Bryan v. United States,* 524 U.S. 184 (1998) (regarding the term "knowingly.")

INSTRUCTION NO. _____

You have heard and seen evidence concerning United States international treaties and laws, including certain statements by the defendants on documents, e-mails, recordings and certain written statements on the "Diplomatic Identification" cards. These international treaties include the Vienna Convention on diplomatic relations, the Vienna Convention on consular relations, the convention on privileges and immunities of the United Nations, the Diplomatic Relations Act, the International Immunities Act, and The Hague Convention. These United States treaties and related laws apply only to foreign countries recognized by the United States that are signatories to the treaties. Individual persons are not parties to these international treaties and laws.

The term "diplomatic immunity" refers to protection of official diplomats of foreign countries recognized by the United States from arrest and prosecution in the United States. The government of a foreign country cannot unilaterally establish diplomatic immunity in the United States. Rather, the United States Department of State determines whether individuals from that country are accredited as diplomats and protected by "diplomatic immunity."

An individual cannot declare himself to be a "diplomat" or to have "diplomatic immunity" without a determination of this status by the United States Department of State. Claims by an individual that he is a "sovereign" or citizen of a sovereign entity besides the United States do not confer immunity from compliance with federal, state or local laws of the United States.

Plaintiff's Instruction No. 32
                    Source: Eighth Circuit Jury Instructions, No. 2.00: Instructions for Use During Trial (recognizing that instructions to "explain evidence" may be necessary). *See also United States v. Kabat*, 797 F.2d 580, 589 (8th Cir.1986) (an instruction clarifying the jury's consideration of certain nuclear protest evidence admitted at trial was proper)

JDS:es

*See United States v. Enger*, 472 F. Supp. 490, 496-507 (D.N.J. 1978) (holding that certain officials of the U.S.S.R. assigned to the United Nations were not covered by diplomatic immunity under various international treaties or related laws)

*See United States v. Jagim,* 978 F.2d 1032 (8th Cir.1992); *United States v. Hilgeford*, 7 F.3d 1340 (7th Cir.1993); and *Maxwell v. Snow*, 409 F.3d 354 (D.C.Cir.2005)(rejecting claims that a person can declare himself a "sovereign citizen" so as to be immune from compliance with law)

*See, generally*, Authorities cited in Report and Recommendation (R&R) in *United States v. William White,* Case No. 07-00395-01-CR-W-HFS, 2008 WL 4816987 (W.D.Mo. October 15, 2008)

JDS:es

**VERDICT**

We, the jury, find Defendant **LARRY P. GOODYKE**

_____ of the crime of conspiracy as charged in Count One of the
guilty/not guilty

indictment;

_____ of the crime of wrongful use of a government seal as charged
guilty/not guilty

in Count Two of the indictment;

_____ of the crime of wrongful use of a government seal as charged
guilty/not guilty

in Count Eight of the indictment;

_____ of the crime of wrongful use of a government seal as charged
guilty/not guilty

in Count Twelve of the indictment;

_____ of the crime of wrongful use of a government seal as charged
guilty/not guilty

in Count Fifteen of the indictment;

_____ of the crime of wrongful use of a government seal as charged
guilty/not guilty

in Count Ten of the indictment;

JDS:es

_____ of the crime of wrongful use of a government seal as charged
                guilty/not guilty

 in Count Seventeen of the indictment.


Date:_____

            Foreperson


Plaintiff's Instruction No.  37
Source:        Eighth Circuit Jury Instructions
                    No. 11.01


JDS:es

INSTRUCTION NO. __

In considering whether the government has met its burden of proof beyond a reasonable doubt, you must bear in mind that the good faith of the defendant is a complete defense to all charges in this case. Good faith is inconsistent with the intent to act criminally, to defraud, or willfulness, which are essential elements of the charges.

One who expresses an opinion honestly held by him, or a belief honestly entertained by him, is not chargeable with fraudulent intent even though his opinion is erroneous or his belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgement or an error in management, or was careless, does not establish fraudulent intent.

On the other hand, an honest belief on the part of the defendant that a particular business venture was sound and would ultimately succeed would not, in and of itself, constitute "good faith" as used in these instructions if, in carrying out that venture, the defendant knowingly made false or fraudulent representations to others with the specific intent to deceive them.

Evidence that the defendants acted in good faith may be considered by you, together with all the other evidence, in determining whether or not they knowingly conspired to commit any of the objectives contained in this indictment or committed any of the substantive offenses alleged in the indictment.

Plaintiff's Instruction No.   38  
Source:        Eighth Circuit Jury Instructions
                         No. 9.08

                         *see* Eleventh Circuit Patter Jury Instructions: Criminal (Special) **§** 17 (2003); 2A and B Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*: Criminal **§ §** 40.16, 67.25 (5th ed. 2000). *See also United States v. Ammons*, 464 F.2d 414, 417 (8th Cir. 1972); *United States v. Casperson*, 773 F.2d 216, 222-24 (8th Cir. 1985).

JDS:es