IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID L. ROBINSON, | ) | No. 07-00390-01/02/03-CR-W-DW |
| | ) | |
| Defendant, | ) | |
| | ) | |
| DANIEL W. DENHAM, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| LARRY P. GOODYKE, | ) | |
| | ) | |
| Defendant. | ) | |

**JURY INSTRUCTIONS: REJECTED**

INSTRUCTION NO. A

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Plaintiff's Instruction No.  8
Source:     Eighth Circuit Jury Instructions
            No. 2.01

INSTRUCTION NO.  B

You are about to hear electronic recordings of conversations.  These conversations were legally recorded, and you may consider the recordings just like any other evidence.

Plaintiff's Instruction No.  9
Source:        Eighth Circuit Jury Instructions
               No. 2.05 (modified to state: "electronic recording")

INSTRUCTION NO. __C__

      You are about to hear a certain category of evidence called "other acts" evidence. Here, that evidence is that the defendants failed to file federal income tax returns or pay income taxes. You may not use this "other acts" evidence to decide whether the defendant carried out the acts involved in the crime charged in the indictment. In order to consider "other acts" evidence at all, you must first unanimously find beyond a reasonable doubt, based on the rest of the evidence introduced, that a defendant carried out the acts involved in the crime charged in the indictment. If you make that finding, then you may consider the "other acts" evidence to decide a defendant's motive or intent. "Other acts" evidence must be proven by a preponderance of the evidence; that is, you must find that the evidence is more likely true than not true. This is a lower standard than proof beyond a reasonable doubt. If you find that this evidence is proven by a preponderance of the evidence, you should give it the weight and value you believe it is entitled to receive. If you find that it is not proven by a preponderance of the evidence, then you shall disregard such evidence.

      The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issue of motive or intent.

Plaintiff's Instruction No. __11__
Source:       Eighth Circuit Jury Instructions
                No. 2.08

INSTRUCTION NO. __D__

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses and the documents and other things received as exhibits.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

l. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Plaintiff's Instruction No. __14__
Source: Eighth Circuit Jury Instructions
No. 3.03

INSTRUCTION NO.  E

You have heard evidence that the witness, Blake Bestol, has pleaded guilty to a crime which arose out of the same events for which the defendant is on trial here.  You must not consider that guilty plea as any evidence of these defendants' guilt.  You may consider that witness's guilty plea only for the purpose of determining how much, if at all, to rely upon that witness's testimony.

Plaintiff's Instruction No.  26
Source:         Eighth Circuit Jury Instructions
                No. 2.19

INSTRUCTION NO. <u>F</u>

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Plaintiff's Instruction No. 30
Source: Eighth Circuit Jury Instructions
No. 4.10

INSTRUCTION NO. G

As stated in my instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views, and to change your opinion if you are convinced it is wrong. To bring twelve minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Remember that if in your individual judgment the evidence fails to establish guilt beyond a reasonable doubt, then the defendant should have your vote for a not guilty verdict. If all of you reach the same conclusion, then the verdict of the jury must be not guilty. Of course the opposite also applies. If in your individual judgment the evidence establishes guilt beyond a reasonable doubt, then your vote should be for a verdict of guilty and if all of you reach that conclusion then the verdict of the jury must be guilty.

As I instructed you earlier, the burden is upon the Government to prove beyond a reasonable doubt every essential element of the crimes charged.

Finally, remember that you are not partisans; you are judges--judges of the facts. Your sole interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

You may conduct your deliberations as you choose. But I suggest that you carefully reconsider all the evidence bearing upon the questions before you. You may take all the time that you feel is necessary.

There is no reason to think that another trial would be tried in a better way or that a more conscientious, impartial or competent jury would be selected to hear it. Any future jury must be selected in the same manner and from the same source as you. If you should fail to agree on a verdict, the case is left open and must be disposed of at some later time.

Please go back now to finish your deliberations in a manner consistent with your good judgment as reasonable persons.

Plaintiff's Instruction No. __34__
Source: Eighth Circuit Jury Instructions
No. 10.02

Instruction No. __H__

        As you know, there are three defendants on trial here: David L. Robinson, Daniel W. Denham and Larry P. Goodyke. Each defendant is entitled to have his case decided solely on the evidence which applies to him. Some of the evidence in this case is limited under the rules of evidence to one of the defendants, and cannot be considered against the others.

Defendant Robinson's Instruction No. ____
Source: Eighth Circuit Jury Instructions No. 2.14

Instruction No. I

There is no burden upon a defendant to prove that he is innocent. Accordingly, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

Defendant Robinson's Instruction No. ___
Source: Eighth Circuit Jury Instructions No. 4.01

Instruction No. __J__

You have heard testimony from Blake W. Bestol who stated that he participated in the crime charged against the defendant. His testimony was received in evidence and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his testimony may have been influenced by his desire to please the Government or to strike a good bargain with the Government about his own situation is for you to determine.

Defendant Robinson's Instruction No. ____
Source: Eighth Circuit Instruction No. 4.05

Instruction No. K

You have heard evidence that Blake W. Bestol hopes to receive a reduced sentence on criminal charges pending against him in return for his cooperation with the Government in this case. Blake W. Bestol entered into an agreement with the United States Attorney which provides that in return for his assistance, the Government will recommend a less severe sentence. If the prosecutor handling this witness's case believes he provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness a motion to reduce his sentence. The judge has no power to reduce a sentence for substantial assistance unless the Government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the Government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by his hope of receiving a reduced sentence is for you to decide.

Defendant Robinson's Instruction No. ___
Source: Eighth Circuit Instruction 4.05A (modified)

Instruction No. __L__

In considering whether the government has met its burden of proof beyond a reasonable doubt, you must bear in mind that the good faith of the defendant is a complete defense to all charges in this case. Good faith is inconsistent with the intent to act criminally, to defraud, or willfulness, which are essential elements of the charges.

A person who acts, or causes another person to act, on a belief or an opinion honestly held by him at the time of the alleged acts, or pursuant to a belief honestly entertained by him at the time of the alleged acts is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to act criminally, or with specific intent to do something the law forbids.

The criminal statutes are written to subject to punishment only those people who knowingly participate in a crime. While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

Evidence that the defendant David L. Robinson acted in good faith may be considered by you, together with all the other evidence, in determining whether or not he knowingly conspired to commit any of the objectives contained in this indictment or committed any of the substantive offenses alleged in the indictment.

Please remember that the burden of proof rests entirely with the prosecution. The burden of establishing lack of good faith and possession of criminal intent rests exclusively on the government. A defendant is under no burden to prove his good faith;

rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

Defendant Robinson's Instruction No. \_\_\_\_

Source: Instruction No. 33, United States v. Lake, No. 03-40142-01/02-JAR

United States v. Casperson, 773 F.2d 216 (8th Cir. 1985)

Instruction No. <u>M</u>

    As you know, there are three (3) defendants on trial here: David L. Robinson, Daniel W. Denham, and Larry P. Goodyke. Each defendant is entitled to have his case decided solely on the evidence which applies to him. Some of the evidence in this case is limited under the rules of evidence to one of the defendants, and cannot be considered against the others.

    The [testimony] [exhibit about which] you [are about to hear] [just heard], (describe testimony or exhibit), can be considered only in the case against defendant (name). You must not consider that evidence when you are deciding if the government has proved, beyond a reasonable doubt, its case against defendant[s] (name[s]).

```
Submitted by Goodyke
```
Source: Eighth Circuit Jury Instructions (2009 ed.) ("8th Cir. Instr.") 2.14

Instruction No. __N__

    You have heard testimony from (name of witness) who stated that [he] [she] participated in the crime charged against the defendant. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by [his] [her] desire to please the Government or to strike a good bargain with the Government about [his] [her] own situation is for you to determine.

```
 Submitted by Goodyke
```
Source: 8th Cir. Instr. 4.05A

Instruction No. __O__

     You [have heard] [are about to hear] evidence that [name of witness] hopes to receive a reduced sentence on criminal charges pending against [him] [her] in return for [his] [her] cooperation with the Government in this case. [Name of witness] entered into an agreement with [name of agency] which provides (specify general agreement, for example, that in return for his assistance, the Government will dismiss certain charges, recommend a less severe sentence [which could be less than the mandatory minimum sentence for the crime[s] with which he/she is charged]). [[Name of witness] is subject to a mandatory minimum sentence, that is, a sentence that the law provides must be of a certain minimum length. If the prosecutor handling this witness's case believes [he] [she] provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness a motion to reduce [his] [her] sentence below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the Government, acting through the United States Attorney, files a such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the Government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.]

     You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by [his] [her] hope of receiving a reduced sentence is for you to decide.

```
Submitted by Goodyke
```
Source: 8th Cir. Instr. 4.05B

Instruction No. __P__

## All Counts - Good Faith Defense

In considering whether the government has met its burden of proof beyond a reasonable doubt, you must bear in mind that the good faith of the defendant is a complete defense to all charges in this case. Good faith is inconsistent with the intent to act criminally, to defraud, or willfulness, which are essential elements of the charges.

A person who acts, or causes another person to act, on a belief or an opinion honestly held by him at the time of the alleged acts, or pursuant to a belief honestly entertained by him at the time of the alleged acts, is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to act criminally, or with specific intent to do something the law forbids.

The criminal statutes are written to subject to punishment only those people who knowingly participate in a crime. While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

Evidence that the defendant Larry P. Goodyke acted in good faith may be considered by you, together with all the other evidence, in determining whether or not he knowingly conspired to commit any of the objectives contained in this indictment or committed any of the substantive offenses alleged in the indictment.

Please remember that the burden of proof rests entirely with the prosecution. The burden of establishing lack of good faith and possession of criminal intent rests exclusively on the government. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

```
Submitted by Goodyke
```
Source: Instruction No. 33, United States v. Lake, No. 03-40142-01/02-JAR